IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IRENE COLIN SANCHEZ,        :

      Petitioner,           :

vs.                      :  CIVIL ACTION NO. 10-0020-CG-C

UNITED STATES OF        : CRIMINAL ACTION NO. 06-0114-CG
AMERICA,

                          :

      Respondent.

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, Irene Colin Sanchez, a federal prison inmate proceeding *pro se*, has filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 136). On January 3, 2010, the government filed a motion to dismiss the motion claiming that same is time-barred pursuant to 28 U.S.C. § 2255(f). (Doc. 138) This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). It is recommended that the Court **DENY** the government's motion to dismiss (Doc. 138), equitably toll the one-year limitations period, find petitioner's § 2255 motion timely filed, and order the United States to file a substantive response to petitioner's four identified claims of alleged

ineffective assistance of counsel (*see* Doc. 136, at 4-5).

## FINDINGS OF FACT

1.      On August 10, 2006, following a trial by jury, Sanchez was adjudged guilty of Counts 1, 3 and 4 of the Indictment. (*See* Doc. 56) Count 1 of the indictment charged petitioner with conspiracy to possess with intent to distribute methamphetamine (in excess of 50 grams) in violation of 21 U.S.C. § 846 and Counts 3 and 4 charged her with possession with the intent to distribute methamphetamine "ice," on April 27, 2006, in violation of 21 U.S.C. § 841(a)(1). (*Compare* Docs. 56 & 59 *with* Doc. 32) Sanchez was sentenced, on November 15, 2006, to 324 months imprisonment as to each count, said sentences to run concurrently. (*See* Docket Sheet, Minute Entry for November 15, 2006) Judgment was entered by the Court on November 20, 2006. (Doc. 89)

2.      Sanchez filed written notice of appeal on November 15, 2006. (Doc. 87) The Eleventh Circuit Court of Appeals affirmed Sanchez's convictions and sentence in an unpublished decision entered on August 1, 2008. (*See* Doc. 130) That opinion was issued as the mandate of the Eleventh Circuit on September 3, 2008. (*See id.*)[1]

---

[1]      During the pendency of her direct appeal, Sanchez filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 128) This motion was denied by the Court on

3.      On September 21, 2009, Sanchez filed a motion for leave to file a Rule 60 motion. (*See* Doc. 134) This motion was denied by the Court on September 22, 2009. (Doc. 135)

> The motion and accompanying papers make reference to a previously filed § 2255 petition, and to the court's purported denial of the § 2255 petition. An examination of the record in this case, however, demonstrates that no § 2255 petition has been filed in this case, nor has any order issued in connection with such a petition. As Rule 60, Federal Rules of Civil Procedure, has application in a criminal case only after a § 2255 petition has been ruled on, the motion is **DENIED**.
>
> Moreover, because the time has not yet run for filing a § 2255 petition in this case, the court will not attempt to make a square peg fit in a round hole by construing the proposed Rule 60 motion as a § 2255 petition.

(*Id.* (internal footnotes omitted)) In a footnote, this Court specifically calculated the one-year limitation period for Sanchez, albeit incorrectly. (*See id.* at n.2 ("The mandate from the 11th Circuit Court of Appeals affirming defendant's conviction and sentence issued on September 3, 2008. The one-year limitation period for filing a § 2255 petition runs one year after the time for filing a petition for certiorari expires, which is 90 days after the date of the mandate. Ninety days after September 3, 2008 was January 2, 2009. The defendant may therefore file a timely § 2255 petition any time <u>before</u> January

---

March 6, 2008 because her charges involved only methamphetamine; therefore, the amendment to the crack cocaine guidelines was found to have no application in her case. (*Id.*)

3, 2010.”))

4.      Sanchez filed the instant motion to vacate, pursuant to 28 U.S.C. § 2255, on December 28, 2009, the date she delivered same to prison authorities for mailing (Doc. 136, at 7). *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (“We have previously held that a prisoner’s pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing.”).

5.      On January 13, 2010, the government filed a motion to dismiss Sanchez’s § 2255 motion on the basis that it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f) and, claiming further, she has established no basis for equitable tolling. (Doc. 138) Sanchez timely filed her response to the government’s motion (Doc. 140), same reading, in relevant part, as follows:

> 8– The Court should consider that due to petitioner’s limitation in both[] the law and English language, [she] fully trusted in what was written in the ‘order’ based on the inmate lawyer translation. More importantly, this was a second inmate lawyer that had not assisted petitioner in the preparation of the Rule 60(b) motion.

> 9– Petitioner diligently followed the Chief Judge[’s] Instructions as stated in the “Order”, and filed her motion, according to footnote (2), in a timely fashion.

10– On December 28, 2009 petitioner went to the Institution mail-room and sent the § 2255 motion thinking that the one-year limitations period ran out on January 3, 2010.

11– At no time [did] petitioner want[] to file an out of time motion. Petitioner follow[ed] the advice of the Court as instructed in the "Order" which was translate[d] by another inmate lawyer at the time the "Order" was received.

12– The motion was filed according to the deadline that the second inmate legal assistant read as stated in the "Order".

13– The Eleventh Circuit has "emphasized[] that . . . equitable tolling applies only in truly extraordinary circumstances . . . ."

14– This is a case w[h]ere 'truly extraordinary circumstances', and other[] particular circumstances not created by the petitioner exist[]. Circumstances which are outside the common precedents cited by this Circuit. Thus, this 'unique' circumstance[] is the one this Court should take into consideration before it decides the instant motion and [it should] den[y] the government's request to dismiss petitioner's § 2255 motion pending for resolution.

(*Id.* at 3 (internal citations omitted))

## CONCLUSIONS OF LAW

1.      The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255.  *Akins v. United States*, 204 F.3d 1086, 1089

(11th Cir.) ("On April 24, 1996, Section 105 of the Antiterrorism and Effective Death Penalty Act . . . took effect. That section amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255."), *cert. denied*, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2.      Subsections (2), (3), and (4) of § 2255(f) clearly do not apply to petitioner's case and therefore, the timeliness of Sanchez's petition must be calculated under § 2255(f)(1) based upon the date on which her convictions became final. In this case, the Court entered judgment against Sanchez on

November 20, 2006. She immediately exercised her right to directly appeal her convictions and sentence; the Eleventh Circuit Court of Appeals affirmed her convictions and sentence on August 1, 2008, and that decision was issued as the mandate of the appellate court on September 3, 2008. (Doc. 130) Therefore, Sanchez's convictions actually became final ninety (90) days after the Eleventh Circuit's entry of judgment, that is, 90 days after August 1, 2008. *See Clay v. United States*, 537 U.S. 522, 524-525 & 532, 123 S.Ct. 1072, 1075 & 1079, 155 L.Ed.2d 88 (2003) ("This case concerns the starting date for the one-year limitation. It presents a narrow but recurring question on which courts of appeals have divided: When a defendant in a federal prosecution takes an unsuccessful direct appeal from a judgment of conviction, but does not next petition for a writ of certiorari from this Court, does the judgment become 'final' for postconviction relief purposes (1) when the appellate court issues its mandate affirming the conviction, or, instead, (2) on the date, ***ordinarily 69 days later***, when the time for filing a petition for certiorari expires? In accord with this Court's consistent understanding of finality in the context of collateral review, and the weight of lower court authority, we reject the issuance of the appellate court mandate as the triggering date. For the purpose of starting the clock on § 2255's one-year limitation period, ***we hold,***

7

*a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction*. In 1997, petitioner Erick Cornell Clay was convicted of arson and distribution of cocaine base in the United States District Court for the Northern District of Indiana. *On November 23, 1998, the Court of Appeals for the Seventh Circuit affirmed his convictions. That court's mandate issued on December 15, 1998.* . . . *The time in which he could have petitioned for certiorari expired on February 22, 1999, 90 days after entry of the Court of Appeals' judgment, see this Court's Rule 13(1), and 69 days after the issuance of the appellate court's mandate*. . . .  We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." (emphasis supplied)). In this case, the time within which Sanchez could have petitioned for certiorari expired on October 30, 2008, 90 days after entry of the Eleventh Circuit's judgment affirming her convictions and sentence (on August 1, 2008), and 57 days after the issuance of the appellate court's mandate (on September 3, 2008). Because petitioner did not file her § 2255 motion until December 28, 2009, some fifty-nine (59) days after her one-year limitation period expired, this Court cannot reach the

8

merits of petitioner's ineffective-assistance-of-counsel claims unless she is entitled to equitable tolling.

3.      "In the § 2255 context, equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' . . . 'The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.' . . . The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002) (emphasis in original), *cert. denied*, 538 U.S. 947, 123 S.Ct. 1622, 155 L.Ed.2d 490 (2003); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("We have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. . . . We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances. . . . Appellant bears the burden of establishing that he is entitled

to this extraordinary relief."), *aff'd,* 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d

542 (2005); *see Lawrence v. Florida,* 549 U.S. 327, 336, 127 S.Ct. 1079, 1085,

166 L.Ed.2d 924 (2007) ("We have not decided whether § 2244(d) allows for

equitable tolling. Because the parties agree that equitable tolling is available,

we assume without deciding that it is. To be entitled to equitable tolling,

Lawrence must show '(1) that he has been pursuing his rights diligently, and

(2) that some extraordinary circumstance stood in his way' and prevented

timely filing.'" (internal citations omitted)); *Diaz v. Secretary for the Dept. of*

*Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) ("Equitable tolling is to

be applied when '"extraordinary circumstances" have worked to prevent an

otherwise diligent petitioner from timely filing his petition.' . . . Thus, the

petitioner must show both extraordinary circumstances and due diligence in

order to be entitled to equitable tolling."); *Steed v. Head,* 219 F.3d 1298, 1300

(11th Cir.2000) ("Section 2244 is a statute of limitations, not a jurisdictional

bar. Therefore, it permits equitable tolling 'when a movant untimely files

because of extraordinary circumstances that are both beyond his control and

unavoidable even with diligence.'").

      4.      In this case, while petitioner has not established that the instant

habeas corpus petition was timely filed, she has established that extraordinary

circumstances and due diligence counsel equitable tolling of the limitations period. *Johnson, supra,* 340 F.3d at 1226; *Jones, supra,* 304 F.3d at 1040; *see Johnson v. Florida Department of Corrections*, 513 F.3d 1328, 1333 (11th Cir.) ("Johnson bears the burden of establishing equitable tolling."), *cert. denied sub nom. Johnson v. McNeil*, __ U.S. __, 129 S.Ct. 348, 172 L.Ed.2d 86 (2008); *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Sanchez has established her entitlement to equitable tolling based upon the fact that this Court affirmatively, albeit unintentionally, misinformed her in the order entered on September 22, 2009 that she had until January 3, 2010 to file her § 2255 petition. *See Pliler v. Ford,* 542 U.S. 225, 235, 124 S.Ct. 2441, 2448, 159 L.Ed.2d 338 (2004) (O'Connor, J., concurring) ("[I]f the petitioner is affirmatively misled, by the court or by the State, equitable tolling might well be appropriate."); *compare id. with id.* at 232-233 & 234, 124 S.Ct. at 2446 & 2447 (majority opinion of the Court) ("The second advisement would force upon district judges the potentially burdensome, time-consuming, and fact-intensive task of making a case-specific investigation and calculation of whether the AEDPA limitations period has already run or will have run by the time the petitioner returns to federal court. As the dissent

below recognized, district judges often will not be able to make these calculations based solely on the face of habeas petitions. Such calculations depend upon information contained in documents that do not necessarily accompany the petitions. This is so because petitioners are not required by 28 U.S.C. § 2254 or the Rules Governing § 2254 Cases to attach their petitions, or to file separately, state-court records. District judges, thus, *might err in their calculation of the statute of limitations and affirmatively misinform pro se petitioners of their options*. . . . [W]e hold that district courts are not required to give the particular advisements required by the Ninth Circuit before dismissing a *pro se* petitioner's mixed habeas petition under *Rose*. We remand the case for further proceedings *given the Court of Appeals' concern that respondent had been affirmatively misled quite apart from the District Court's failure to give the two warnings.*" (internal citations omitted)); *Spottsville, supra*, 476 F.3d at 1246 ("Spottsville's untimely filing was not his fault. Because Spottsville relied on the misleading instructions of the Superior Court of Tattnell County, equity requires that Spottsville's limitations period be tolled during the pendency of his attempted appeal of his state habeas petition. With the addition of that period of equitable tolling, Spottsville's federal petition for habeas relief is timely."); *Prieto v. Quarterman,* 456 F.3d

511, 516 (5th Cir. 2006) ("Prieto relied to his detriment on the district court's order issued *for the express purpose* of granting him additional time to file his writ of habeas corpus. Significantly, as quoted above, the district court's order granting Prieto's motion stated: 'Before the Court is Petitioner's Motion for Extension of Time to [File a] Writ of Habeas Corpus. The Court finds that the motion is meritorious and it is GRANTED. Petitioner's writ of habeas corpus shall be filed no later than September 6, 2002.' Orders such as these have the effect of 'unintentionally mis[leading] the prisoner,' and, considering the totality of the circumstances, may warrant equitable tolling. Accordingly, the State's reliance on *Fierro* is misplaced. Indeed, *Fierro* militates *in favor of* granting Prieto equitable tolling. After careful consideration of the particular circumstances of this case–most importantly, the court-ordered extension of time–and a review of the record, we are persuaded that the district court erred in not granting equitable tolling of the statute of limitations. . . . Prieto's petition is not time-barred[.]"); *Gutierrez-Sanchez v. United States*, 2008 WL 2704824, *5 (D. Mass. 2008) ("Like the petitioners in *Patterson* and *Pliler*, Gutierrez-Sanchez's reliance on an affirmative error by the Court is a sufficient 'extraordinary circumstance' to qualify for equitable tolling."). The undersigned agrees with the Eleventh Circuit's observation in *Spottsville* that

it would be unreasonable to expect the *pro se* Sanchez "to second-guess or disregard an instruction in a written order of a court." 476 F.3d at 1245. Instead, the undersigned finds it reasonable for petitioner to have relied on this Court's miscalculation of her one-year limitations period and since she diligently pursued her remedies by filing her § 2255 motion prior to the date upon which this Court instructed her to file her petition (*compare* Doc. 136 (filed December 28, 2009) *with* Doc. 135, n.2 ("The defendant may therefore file a timely § 2255 petition any time <u>before</u> January 3, 2010.")),[2] equity requires that Sanchez's limitations period be tolled from the date upon which same actually expire, that is, October 30, 2009,[3] until the date upon which she

---

[2]      Given the evidence of petitioner's due diligence, the undersigned certainly cannot find that had this Court correctly notified petitioner, in its September 22, 2009 order, that her one-year limitations period was scheduled to expire on October 30, 2009, petitioner would not have filed a timely § 2255 motion.

[3]      It is curious that the government in this case argues against equitable tolling in light of the clear misinformation provided to petitioner by this Court, as well as the developed case law.

Moreover, that it is easy to miscalculate the start date for the one-year limitations is clear based upon the United States' miscalculation of same. (*Compare* Doc. 138, at 2 & 3 ("For purposes of the statute of limitations, Sanchez's conviction[s] became 'final' 90 days after the mandate issued, that is, 90 days from September 3, 2008. . . . Ninety days from September 3, 2008 is December 2, 2008.") *with Clay, supra*, 537 U.S. at 524-525 & 532, 123 S.Ct. at 1075 & 1079 ("This case concerns the starting date for the one-year limitation. It presents a narrow but recurring question on which courts of appeals have divided: When a defendant in a federal prosecution takes an unsuccessful direct appeal from a judgment of conviction, but does not next petition for a writ of certiorari from this Court, does the judgment become 'final' for postconviction relief purposes (1) when the appellate court issues its mandate affirming the

filed her § 2255 motion, December 28, 2009, inasmuch as this just-identified date falls prior to the Court's miscalculated date. With the addition of this period of equitable tolling, Sanchez's § 2255 petition is timely. The Court should order the respondent to file a substantive response to petitioner's identified claims of ineffective assistance of counsel (Doc. 136).

## **<u>CONCLUSION</u>**

The Magistrate Judge recommends that the Court equitably toll Sanchez's one-year limitations period and find that she timely filed her § 2255 motion on December 28, 2009. The undersigned further recommends that the Court order the respondent to file a substantive response to petitioner's

conviction, or, instead, (2) on the date, ***ordinarily 69 days later***, when the time for filing s petition for certiorari expires? In accord with this Court's consistent understanding of finality in the context of collateral review, and the weight of lower court authority, **we reject the issuance of the appellate court mandate as the triggering date**. For purposes of starting the clock on § 2255's one-year limitation period, *we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction*. In 1997, petitioner Erick Cornell Clay was convicted of arson and distribution of cocaine base in the United States District Court for the Northern District of Indiana. *On November 23, 1998, the Court of Appeals for the Seventh Circuit affirmed his convictions. That court's mandate issued on December 15, 1998. . . . The time in which he could have petitioned for certiorari expired on February 22, 1999, 90 days after entry of the Court of Appeals' judgment, see this Court's Rule 13(1), and 69 days after the issuance of the appellate court's mandate*. . . . We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." (emphasis supplied)). As previously stated, based upon the undersigned's reading of *Clay*, the time in which Sanchez could have petitioned for certiorari expired on October 30, 2008, 90 days after entry of the Eleventh Circuit's August 1, 2008 judgment affirming her convictions and sentence, and 57 days after the issuance of the appellate court's mandate.

identified claims of ineffective assistance of counsel.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 19th day of February, 2010.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

16

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[4]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

17