# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

IRENE SANCHEZ-COLIN, :

    Petitioner, :
                               CIVIL ACTION NO. 10-0020-CG-C
                               :
vs.                          CRIMINAL NO. 06-0114-CG
                               :
UNITED STATES OF
AMERICA, :

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, Irene Sanchez-Colin,[1] a federal prison inmate, has filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 136). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Following consideration of all relevant pleadings in this case, it is recommended that Sanchez-Colin's § 2255 motion be denied and that it be found she is not entitled to a certificate of appealability.

---

[1] While the undersigned referred to petitioner in the report and recommendation denying the government's motion to dismiss as Irene Colin Sanchez (*see* Doc. 141), as the Eleventh Circuit had done (Doc. 130), in this report and recommendation the undersigned refers to petitioner as Irene Sanchez-Colin both because petitioner refers to herself in the § 2255 motion as Irene Sanchez-Colin (Doc. 136, at 1, 6 & 7) and because this Court, in entering its judgement, referred to petitioner as Irene Sanchez-Colin (Doc. 89).

**FINDINGS OF FACT**

1. On April 28, 2006, Sanchez-Colin was charged, by criminal complaint, with conspiracy to possess with intent to distribute methamphetamine ice, a Schedule II controlled substance, from 2004 through April 2, 2006, in violation of 21 U.S.C. § 846. (Doc. 1) On that same date, an arrest warrant was issued for Sanchez-Colin's arrest on the charge alleged in the criminal complaint (Doc. 2) and Sanchez-Colin made her initial appearance in this Court on May 2, 2006 (*see* Docs. 8-10). On May 26, 2006, a six-count indictment against Sanchez-Colin and others charged Sanchez-Colin with conspiracy to possess with intent to distribute more than 50 grams of methamphetamine ice, from early 2006 through May 24, 2006, in violation of 21 U.S.C. § 846; knowingly, intentionally and unlawfully possessing with intent to distribute approximately 2 ounces of methamphetamine ice on April 25, 2006, in violation of 21 U.S.C. § 841(a)(1); possessing with intent to distribute approximately one pound of methamphetamine ice on April 27, 2006, in violation of 21 U.S.C. § 841(a)(1); and possessing with intent to distribute approximately one ounce of methamphetamine ice on April 27, 2006, in violation of 21 U.S.C. § 841(a)(1). (Doc. 32)[2]

2. On August 9, 2006, the first day of petitioner's trial,[3] the government moved

---

[2] A forfeiture count was also asserted against Sanchez-Colin. (*Id.,* Count Six)

[3] Spanish interpreters assisted Sanchez-Colin throughout her trial. (Doc. 105, Trial Transcript, at 16-17 ("Now, you may have noticed that we have two interpreters over here. We have Ms. Brodbeck and Mr. Suquet, who are interpreting what everyone says here in court into Spanish for the defendant's benefit. They are professional interpreters and do a very good job of

to dismiss Count 2 of the indictment and this motion was granted. (*See* Doc. 59)[4] The following day, August 10, 2006, Sanchez-Colin was adjudged guilty by a jury of her peers of Counts One, Three and Four of the Indictment. (*Id.* at 2) "In accordance with the jury's findings, it is **ADJUDGED** that the Defendant IRENE SANCHEZ COLIN has been found **GUILTY** and **CONVICTED** of the offense of conspiracy to possess with intent to distribute methamphetamine in violation of Title 21, United States Code, Section 846 as charged in Count One of the Indictment; and possession with intent to distribute methamphetamine in violation of Title 21, United States Code, Section 841(a)(1) as charged in Counts Three and Four of the Indictment." (*Id.*)[5]

    3.    On November 15, 2006, Sanchez-Colin was sentenced to 324 months on each of Counts 1, 3, and 4 of the Indictment, said terms to be served concurrently. (*Compare* Docket Sheet Entry for November 15, 2006 *with* Doc. 89, at 2) Judgment was entered by the Court on November 20, 2006. (Doc. 89)

    4.    Sanchez-Colin filed written notice of appeal from her conviction and sentence

---

it[.]"))

    [4]    In addition, the forfeiture count was dismissed. (*See* Doc. 89, at 1)

    [5]    "On August 10, 2006, during cross examination of witness Phillip Presley, the defendant orally moved for mistrial because she did not receive a copy of the photo line-up prior to trial, and said motion was **DENIED**. At the close of the United States' case-in-chief, the defendant orally moved for judgment of acquittal pursuant to Rule 29 of the F.R.Cr.P. The court found that there was sufficient evidence to go to the jury and **DENIED** the motion. The defendant then presented her case and rested. At the close of all the evidence the defendant renewed her motion for judgment of acquittal, and said motion was **DENIED**." (*Id.* at 1)

on November 15, 2006. (Doc. 87) On appeal, Sanchez-Colin pressed numerous challenges to her sentence. (*See* Doc. 130, Opinion, at 2-10) The Eleventh Circuit Court of Appeals affirmed petitioner's sentence, finding same "procedurally sound and substantively reasonable." (Doc. 130, at 10)

> [T]he district court imposed the 324-month total sentence only after listening to and considering the parties' evidence and arguments as to a reasonable sentence. Second, the court noted it considered the statutory purposes of sentencing, and specifically listed at least three of those factors. Although the court did not mention explicitly every § 3553(a) factor, it was not required to do so, and "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." Finally, Sanchez's sentences of 324-months' (or 27 years) imprisonment on each of the three counts of conviction, to run concurrently, was at the lowest end of her Guidelines range, and was significantly less than the statutory maximums of life imprisonment on Counts One and Three, and the statutory maximum of 40 years' imprisonment on Count Four.

(*Id.* at 9-10)

    5.     On December 28, 2009, Sanchez-Colin filed the present collateral attack on her conviction and sentence pursuant to 28 U.S.C. § 2255. (Doc. 136, at 7) Therein, petitioner claimed that her trial attorney provided constitutionally ineffective assistance of counsel, as follows: (1) he failed to explain the nature of the charges or the negative consequences of same as an interpreter was not utilized to ensure that a complete understanding was gained; (2) he failed to meet with her to discuss the case or plan a defense or show her discovery information that resulted in the subsequent charges being brought; (3) he failed to explain information and testimony during the trial sufficiently to allow her to comprehend what was

going on; and (4) he failed to educate himself regarding 21 U.S.C. §§ 841 and 846 so that he could advise her in a competent manner about the elements of those statutory provisions. (*See id.* at 4 & 5)

  6. The United States' initial motion to dismiss petitioner's § 2255 motion as time-barred (Doc. 138) was denied by this Court on March 16, 2010 (Doc. 142; *see also* Doc. 141). Thereafter, the government filed its substantive response to Sanchez-Colin's motion on May 4, 2010. (Doc. 144) The United States takes the position in its response that petitioner's allegations of ineffective assistance of counsel are conclusory statements that fall short of alleging, much less establishing, deficient performance or prejudice. (*Id.* at 1; *see also id.* at 6-7 & 8-11) Petitioner has filed no reply to the government's response even though she was given the opportunity to do so (*see* Doc. 145 (ordering petitioner to file her reply not later than June 4, 2010)).

## CONCLUSIONS OF LAW

  1. 28 U.S.C. § 2255 reads, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or

correct the sentence."

2.  In this instance, petitioner contends that constitutionally ineffective assistance of counsel entitles her to the relief afforded by 28 U.S.C. § 2255. In order to establish a claim of ineffective assistance of counsel, a petitioner is required to show (1) that her attorney's representation fell below "an objective standard of reasonableness" and (2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686, 104 S.Ct. at 2064.

3.  "The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001), *cert. denied sub nom. Johnson v. Nagle*, 535 U.S. 926, 122 S.Ct. 1295, 152 L.Ed.2d 208 (2002).[6] With respect to the first prong of the standard, "a court must indulge a strong presumption that counsel's conduct falls

---

[6] It is proper in considering claims made by a federal prisoner under § 2255 to look for guidance from cases discussing claims raised by state prisoners under 28 U.S.C. § 2254. *See Hagins v. United States,* 267 F.3d 1202, 1205 (11th Cir. 2001) (citing *Holladay v. Haley*, 209 F.3d 1243 (11th Cir. 2000)), *cert. denied*, 537 U.S. 1022, 123 S.Ct. 545, 154 L.Ed.2d 432 (2002).

within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. at 2065 (citation omitted); *see also Williams v. Head*, 185 F.3d 1223, 1227 (11th Cir. 1999) ("[C]ourts should 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."), *cert. denied*, 530 U.S. 1246, 120 S.Ct. 2696, 147 L.Ed.2d 967 (2000).

> A jury trial is, by its nature, an enterprise that is filled with imponderables from the viewpoint of a trial lawyer. It is an undertaking that calls not only on the lawyer's head, but also on his heart and nerve. At times in the trial arena, audacity or imagination or patience accomplish more than pure logic might suggest is possible. The truth is that it is often hard for even a good lawyer to know what to do. Trying cases is no exact science. And, as a result, we must never delude ourselves that the fair review of a trial lawyer's judgment and performance is an activity that allows for great precision or for a categorical approach. When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." And, "a court should be highly deferential to those choices . . . that are arguably dictated by a reasonable trial strategy."
>
> Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one. And "[w]e are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial . . . worked adequately."

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.) (citations in original omitted), *cert. denied*, 513 U.S. 899, 115 S.Ct. 255, 130 L.Ed.2d 175 (1994); *see also Smith v. Singletary*, 170 F.3d

7

1051, 1054 n.5 (11th Cir. 1999) ("[O]rdinarily, . . . lawyers' acts or omissions that do not rise to the level of professional malpractice, a fortiori, cannot amount to a constitutional violation."). The prejudice prong, on the other hand, "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland, supra*, 466 U.S. at 687, 104 S.Ct. at 2064.[7]

4. When applying the *Strickland* standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998) (citation omitted), *cert. denied sub nom. Oats v. Moore*, 527 U.S. 1008, 119 S.Ct. 2347, 144 L.Ed.2d 243 (1999); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been.").

5. The undersigned agrees with the government that petitioner's allegations of ineffective assistance of counsel are wholly conclusory.[8] Since this Court can dispose of

---

[7] "'[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" *Johnson, supra,* 256 F.3d at 1176 (citation omitted).

[8] Sanchez-Colin is not entitled to an evidentiary hearing in this case in light of her wholly conclusory allegations of ineffective assistance of counsel. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) ("A petitioner is *not* entitled to an evidentiary hearing . . . 'when his claims are merely "conclusory allegations unsupported by specifics" or "contentions that in the face of the record are wholly incredible."'"), *cert. denied sub nom. Tejada v. Singletary*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992); *see also Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir.) ("Because the 1999 affidavits submitted by Lynn amount to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion."), *cert. denied,* 543 U.S. 891,

these type claims under either prong of the *Strickland* standard, the undersigned chooses to dispose of same under the prejudice prong and simply observes that with respect to none of petitioner's allegations has she established, factually or legally, that she was deprived of a fair trial and that the result of same would have been different had her attorney's performance not been deficient as alleged. Given the evidence presented against Sanchez-Colin, as reflected in the government's brief (Doc. 144, at 2-5), and petitioner's steadfast refusal that she had any involvement in the alleged methamphetamine drug conspiracy (*see id*. at 5-6), it is clear to the undersigned that petitioner was not deprived of a fair trial.

6. Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is being denied on the merits of an underlying constitutional claim, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find

---

125 S.Ct. 167, 160 L.Ed.2d 154 (2004).

the district court's assessment of the constitutional claims debatable or wrong[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also id.* at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'"); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). With respect to petitioner's assertions of ineffective assistance of counsel, reasonable jurists could not debate whether Sanchez-Colin's § 2255 motion to vacate should be resolved in a different manner or that the Sixth Amendment issues presented are adequate to deserve encouragement to proceed further. Accordingly, petitioner is not entitled to a certificate of appealability.

## **CONCLUSION**

The Magistrate Judge is of the opinion that petitioner's rights were not violated in this cause and that her request to vacate, set aside or correct her sentence should be **DENIED**. Petitioner is not entitled to a certificate of appealability and, therefore, she is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 10th day of June, 2010.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[9] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[9] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).