IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 06-00114-CG-N |
| | ) | (Civil Action No. 12-00616-CG-N) |
| IRENE SANCHEZ-COLIN,[1] | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This action is before the Court on Defendant/Petitioner Irene Colin Sanchez's third motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (doc. 153). This matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the petitioner's § 2255 motion and all other pertinent portions of the record, it is the recommendation of the undersigned that the § 2255 motion be **DISMISSED** as a successive motion which has not been authorized by the Eleventh Circuit Court of Appeals as required by 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

I.    Procedural History.

On April 28, 2006, Sanchez-Colin was charged, by criminal complaint, with

---

[1] Although petitioner was initially referred to as Irene Colin Sanchez (*see e.g.* Complaint at Doc. 1), she has been subsequently identified as Irene Sanchez-Colin (*see e.g.* Judgment at Doc. 89; Eleventh Circuit Opinion Affirming Conviction and Sentence at Doc. 130; Report and Recommendation at Doc. 146; Judgment denying petitioner's first §2255 motion at Doc. 148). Petitioner's present 2255 motion is brought as well in the name of Irene Sanchez-Colin. (Doc. 153).

conspiracy to possess with intent to distribute methamphetamine ice, a Schedule II controlled substance, from 2004 through April 2, 2006, in violation of 21 U.S.C. § 846. (Doc. 1). At the conclusion of her trial on August 9-10, 2006, Sanchez-Colin was adjudged guilty by the jury of Counts One, Three and Four of the Indictment. Her conviction and sentence were affirmed on direct appeal on August 1, 2008 and a mandate issued by the Eleventh Circuit on September 3, 2008. (Doc. 130).

On December 28, 2009, Sanchez-Colin filed her first § 2255 motion. (Doc. 136). A Report and Recommendation that this § 2255 motion be denied was entered on June 10, 2010 (doc. 146) and adopted by the Court on July 12, 2010 (doc. 147).

On June 13, 2011, Sanchez-Colin filed a second § 2255 motion. (Doc. 149). The Court dismissed this motion on June 14, 2011, as "a second or successive motion . . . [for which] Petitioner has not been authorized by a panel of the Eleventh Circuit Court of Appeals." (Doc. 150, *citing* 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A).

II.   Analysis.

The Eleventh Circuit has consistently held that it must give its permission before a district court may consider a second or successive habeas petition challenging a conviction or sentence. *See* United States v. Diaz-Clark, 292 F.3d 1310, 1316 (11th Cir. 2002)("[Defendant] must obtain certification by the court of appeals before a 'second or successive' habeas petition may be pursued in the district court, and such certification will only be granted if the petitioner makes a showing of newly discovered evidence that establishes his or her innocence, or points to a new rule of constitutional law, recognized by the Supreme Court and made retroactively applicable to cases on collateral review."); In re Joshua, 224 F.3d

2

1281, 1282 (11th Cir. 2000) ("[P]risoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." ); In re Provenzano, 179 F.3d 1326, 1327 (11th Cir. 1999)(The Court of Appeals "may authorize the filing of a second habeas petition only if we determine the applicant has made a prima facie showing that the new claims he seeks to raise fit within one of the two exceptions against belated claims that are set out in § 2244(b)(2)."). The instant petition is, in fact, a third petition and was filed without the required authorization. It is, therefore, due to be dismissed.

CERTIFICATE OF APPEALABILITY/*IN FORMA PAUPERIS*

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2255 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lamarca v. Secretary, Dept. of Corrections, 568 F.3d 929, 934 (11th Cir. 2009), *citing* Slack v. McDaniel, 529 U.S. 473, 484 (2000); *see also* Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003)

3

("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").[2]

In the instant action, Sanchez-Colin has not applied to the Eleventh Circuit Court of Appeals for permission to file this, her third habeas petition; thus, this Court is without jurisdiction to consider her successive petition. United States v. Ezell, 2011 WL 2650870, *4 (S.D. Ala. July 6, 2011), *quoting* Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Hill should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Sanchez-Colin's §2255 motion should be dismissed; thus, she is not entitled to a certificate of appealability.

---

[2] The requirement for a certificate of appealability in order to appeal from the denial of habeas relief applies whether the case involves a § 2254 petition by a state prisoner or a § 2255 motion by a federal prisoner because 28 U.S.C. § 2253(c)(1) is applicable in both cases. Gonzalez v. Secretary for Dept. of Corrections, 366 F.3d 1253, 1262 (11th Cir. 2004).

Additionally, the undersigned here addresses the related issue of whether any appeal of an order adopting this Report and Recommendation and denying habeas relief may be brought *in forma pauperis*. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed.R.App. P. 24(a)(3)(A); Weaver v. Patterson, 2012 WL 2568218, *7 (S.D. Ala. June 19, 2012), *citing* Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir.2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D .Fla.1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993); United States v. Westberry, 2010 WL 2652459, *2 (N.D. Fla. July 1, 2010)(same). For the foregoing reasons, the undersigned recommends that the court find no possible good faith basis for appeal of the denial of the petitioner's habeas claims, and thus that no appeal of such a ruling may be brought *in forma pauperis*.

## CONCLUSION

For the reasons stated above, it is recommended that Sanchez-Colin's § 2255 motion be **DISMISSED** as a successive motion which has not been authorized by the Eleventh Circuit Court of Appeals as required by 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

It is further recommended that no Certificate of Appealability should issue and no leave to appeal *in forma pauperis* be granted.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this  21st  day of November, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this   21st   day of November, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition [.]"  Fed. R. Civ. P. 72(b)(2).