IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 06-114-CG-N |
| | ) |
| IRENE SANCHEZ-COLIN | ) |
| | ) |

## ORDER

This matter is before the Court on Defendant, Irene Sanchez-Colin's[1] ("Sanchez-Colin") *pro se* pleading entitled "Motion for Hardship Credit for Hard Time Served" (Doc. 189) and the United States' response (Doc. 192). Upon consideration and for the reasons set forth herein below, Sanchez-Colin's motion is DENIED.

FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Sanchez-Colin was found guilty of conspiracy with the intent to distribute methamphetamine and possession with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. 56). On November 20, 2006, Sanchez-Colin was sentenced to 324 months imprisonment as to each count to run concurrently and five years of supervised release. (Doc. 89). Sanchez-Colin's conviction and sentence were affirmed on appeal in 2008. (Doc. 130). In 2014, Sanchez-Colin's sentence was reduced to 262 months. (Doc. 169). On March 29, 2021, Sanchez-Colin filed the instant motion seeking credit for her

---

[1] Defendant is also referred to Irene Colin Sanchez in the record.

time served. (Doc. 189). The Court ordered the Government to respond, and a response has since been filed. (Doc. 192). The matter is now ripe for adjudication.

## DISCUSSION

Sanchez-Colin seeks an order from this Court granting her two days of credit for every one day she has served, due to the "lock-down status" of FCI Aliceville since March 2020 because of Covid-19. (Doc. 189, generally). More specifically, Sanchez-Colin asserts that, at present, inmates at Aliceville have limited recreational services, meals below federal standards, an inability to practice personal hygiene, and limited access to medical and dental care in violation of her rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. (*Id.*) As a result, Sanchez-Colin seeks to be given two days of jail credit for every one day she has served.

In response, the Government argues that Sanchez-Colin's motion should be dismissed for failure to exhaust her administrative remedies or alternatively, construed as motion brought under 28 U.S.C. § 2241 which would require this Court to transfer the motion to Sanchez-Colin's district of confinement, the United States District Court for the Northern District of Alabama. (Doc. 192)

"[A] district court may not modify a prison sentence after it has been imposed unless permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *United States v. Plate*, 839 F.3d 950, 955 (11th Cir. 2016) (citing *Freeman v. United States*, 564 U.S. 522, 526 (2011)); *see also* 18 U.S.C. § 3582(c). Further, the "[a]uthority to calculate credit for time served under section 3585(b) is

vested in the Attorney General, not the sentencing court." *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010) (citing *United States v. Wilson*, 503 U.S. 329, 334, 112 S. Ct. 1351, 1355 (1992)); *United States v. Anderson*, 517 Fed. Appx. 772, 775 (11th Cir. 2013) ("The Attorney General, through the BOP, is authorized under § 3585(b) to compute sentence-credit awards after sentencing."). To the extent that Sanchez seeks this Court to modify her sentence or amend her jail credit, the Court remains without the authority to calculate or award credit for time served in custody.

To the extent that Sanchez-Colin's seeks relief pursuant to 28 U.S.C. §2241, her request is equally due to be denied. "[A] federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *United States v. Williams*, 425 F.3d 987, 990 (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989) (interpreting § 3585(b)'s predecessor, § 3568)). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *Id.* (citing *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). "Exhaustion of administrative remedies is jurisdictional." *Id.* (citing *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (addressing denial of a § 2241 petition)). "Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Vance v. United States*, 476 F.

App'x 234 (11th Cir. 2012); *United States v. Cox*, 2020 WL 5166039 at *2 (S.D. Ala. August 31, 2020).

Sanchez-Colin does not assert and there is no evidence, otherwise, to suggest that she has exhausted her administrative remedies with respect to her request for jail credit. Assuming, however, that exhaustion has taken place, Sanchez-Colin's § 2241 petition must be filed in the United States District Court where Sanchez-Colin is confined, which is in the United States District Court for the Northern District of Alabama. Accordingly, to the extent that Sanchez-Colin's motion is a § 2241 petition, this Court lacks jurisdiction to consider it.

## CONCLUSION

For the reasons set forth herein above, Sanchez-Colin's motion (Doc. 189) is DENIED.

**DONE** and **ORDERED** this 29th day of October, 2020.

      /s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE